COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-426-CR

 

 

DONALD SHIRLEY                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Donald Shirley
appeals from the revocation of his deferred adjudication community
supervision.  Appellant pleaded guilty to
possession of less than one gram of cocaine in October 1999 in accordance with
a plea bargain, and the trial court placed him on four years= deferred adjudication community supervision.  The State filed a petition to proceed to
adjudication in October 2001, asserting that Appellant had failed to report to
the community supervision office for the prior fifteen months.  Six years later, on November 9, 2007, the
trial court conducted a hearing on the petition, found that Appellant had
violated the terms of community supervision, and sentenced him to 180 days in
jail. 

In his second point,
Appellant argues that he established a prima facie defense of lack of due
diligence and that the State failed to rebut the defense.  See Tex.
Code Crim. Proc. Ann. art. 42.12 ' 24 (Vernon Supp. 2007) (providing an affirmative defense to
revocation of community supervision for failure to report when an officer with
the power of arrest under a warrant issued for the alleged violation fails to
contact or attempt to contact the defendant in person at the defendant=s last known address or place of employment).  The State has filed a letter brief conceding
that Appellant=s second
point is meritorious and joining Appellant=s prayer to reverse his conviction and sentence and remand the case to
the trial court.








We therefore sustain
Appellant=s second
point and, without considering his first point,[2]
reverse the trial court=s judgment
and remand the case for further proceedings. 
See Tex. R. App. P.
43.2(d), 47.1.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 10, 2008











[1]See Tex. R. App. P. 47.4.





[2]In
his first point, Appellant argues that the trial court erred by overruling his
hearsay and Confrontation Clause objections to the testimony of a community
supervision officer after the officer testified that his knowledge of Appellant=s
failure to report derived solely from the community supervision records.